CASE 61—PETITION EQUITY—OCTOBER 23.

# Graham, &c. v. Graham, &c.

### APPEAL FROM TAYLOR CIRCUIT COURT.

1 SALE AND PARTITION OF LAND WHEN SHARE OF EACH HEIR IS NOT OF GREATER VALUE THAN ONE HUNDRED DOLLARS.—On a petition to sell a tract of land descended to heirs, on the ground that the share of each heir is not of greater value than one hundred dollars, as provided in section 1, article 1, chapter 86, Revised Statutes, 2 Stanton, 303, the court has power to order the sale without a partition, if in the exercise of a sound discretion such a sale shall be deemed most beneficial to all the parties.

2. But the court has authority, to make a partition, to adjudge that such of the heirs as sought it should have their shares of the land laid off and reserved to them as preliminary to ordering the sale of the residue.

3. SHARES TO BE LAID OFF SO AS TO ADJOIN OTHER LANDS.—It was right to order the commissioner to lay off the shares of such of the heirs as sought a division so as to adjoin their other adjoining land, if no detriment or injury would be done to other parties by doing so. (Gaithers v. Brown, &c., 7 B. Monroe, 90.)

MONTAGUE & NETHERLAND, . . . . . For Appellants,

CITED

Revised Statutes, section 1, article 1, chapter 86.

W. HOWELL, . . . . . . . . . . . . . For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This was a petition for the sale of land under section 1, article 1, chapter 86, of the Revised Statutes; the petition setting forth that Elijah Graham, sr., died seized of a tract of one hundred and thirty-six acres of land, which descended to his children living, and his grandchildren representing his children who were dead, in such proportions as to require a division of the land or its proceeds into eight equal shares,

subject to the dower of the widow of the decedent, and that these eight shares were of less value than one hundred dollars each. Among the heirs made defendants were the present appellees, the infant children of Silas Graham, deceased, a son of said Elijah Graham, sr., who through their guardian resisted the sale of their share of the land, and sought to have it laid off and set apart to them contiguous to an adjacent tract owned by them. The court ordered that the partition be made by commissioners, and that the interests of the appellees be laid off adjoining their other land, if that could be done without injury to the rights of others; and the division being so made and reported by the commissioners, and approved and confirmed by the court, the plaintiffs have appealed to this court.

If the court had power to order the partition at all, it was right to order the commissioners to lay off the share of the appellees so as to adjoin their other land, if no detriment or injury would be done to other parties by doing so, as the court properly provided in the judgment. (Gaithers v. Brown, &c., 7 B. Monroe, 90.)

But the most important question to be determined is, is not the statute imperative in such a case that the court shall adjudge a sale of the entire tract? The statute provides that in cases like this "the court of equity for the county in which the land, or the greater part thereof, lies, may, on the petition of one or more of the heirs, decree a sale of the same."

This, in our opinion, confers on the court power to order the sale without a partition, if in the exercise of a sound judicial discretion such a sale shall be deemed most beneficial to all the parties; but we do not construe the statute as mandatory or peremptory, either in its terms or meaning, and the court had authority in this case to adjudge that the appellees should have their proper share of the land laid off and reserved to them as preliminary to ordering a sale of the residue

of the tract. It does not appear that the court abused its discretion, or that the partition made was not equitable and just. Wherefore the judgment is affirmed.